# ROGERS *v.* MARSHALL.

*(U. S. Circuit Court, District of Colorado, January 20, 1883—On motion to vacate order setting aside interlocutory decree, and permitting defendants to file further answers.)*

1. PRACTICE—REHEARING, EFFECT OF.  When a rehearing is granted for the reason, that the Court, upon the pleadings and proofs as they stood at the hearing, is inclined to doubt the correctness of the decree, it is the proper practice to set aside such decree until the case is again heard.  It would be otherwise if rehearing was granted in order to allow additional proof.  In the latter case, the decree should stand, pending the rehearing.

McCRARY, Circuit Judge.

This case was heard at the October term, 1881, upon final proofs, and, as to the result of that hearing, an interlocutory decree was entered setting aside a conveyance from complainant to respondent, James Y. Marshall, of certain mining property, and referring the case to a master to take proofs respecting profits received by said Marshall from the mine in controversy after said sale.  Soon after the entering of this decree, and during the same term of Court, a petition for a rehearing was presented on behalf of the respondents.  The Court granted this petition, and set the same down for rehearing at Keokuk in July last.  The application was based (1) upon the record as it stood at the former hearing; and (2) upon the ground of newly discovered evidence.  At the time and place above named the parties appeared, and the whole case was exhaustively re-argued, both upon the original record and proofs, and upon the alleged newly discovered evidence. The application for rehearing upon the ground of newly discovered evidence, was overruled.  The application for rehearing upon the record as it stood at the former trial, was sustained, and the case was reopened for further consideration upon certain questions stated in the opinion.  The Court being of the opinion, upon reconsideration of the whole case, that the interlocutory decree ought not to have been entered, made an order setting the same aside, which order was entered of record in term time.

It is now insisted upon the part of the complainant, that the Court had no power to set aside the interlocutory decree,

but is bound to let the same stand until the final hearing upon further proof.

If the Court had merely reopened the case for the purpose of letting in newly discovered evidence, it would certainly have been very improper, and probably erroneous, to have set aside the interlocutory decree pending such further hearing; but where the Court grants a rehearing upon the record as it stood at the first hearing, and, as a result of that rehearing, reaches the conclusion that an interlocutory decree previously entered was not justified by the proof as it stood, it is not only the right, but the duty, of the Court to set it aside, although it may be that, upon further showing, the complainant may be able to make a case which would justify the granting of the same relief by another decree. The question in such a case is, was the interlocutory decree right upon the record as it stood when the same was entered, and at the time of the rehearing? This rule was distinctly laid down in the case of *Fourniquet* v. *Perkins*, 15 How., 82. In that case the Court proceeded to a hearing upon the first proofs, and passed a decree in favor of the complainants, vesting in them certain real property, together with the gains thereof, and referring the case to a Master in Chancery to take and report an account. The account having been taken and stated by the Master, certain exceptions were filed to his report. At the argument upon the exceptions, the Court reconsidered its opinion, upon which the interlocutory decree was entered, and dismissed the bill. The case was taken by appeal to the Supreme Court, where objection was made to the decree of dismissal, because it was made at the argument upon the exceptions, and was contrary to the opinion upon the merits expressed by the Court in its interlocutory order. Chief Justice Taney delivered the opinion of the Court, and said (p. 85) on this point:

" But this objection cannot be maintained. The case was at final hearing at the argument upon the exceptions, and all of the previous interlocutory orders in relation to the merits were open for revision, and under the control of the Court. This Court so decided when the former appeal, hereinbefore mentioned, was dismissed for want of jurisdiction.' And if the

Court below, upon further reflection or examination, changed
its opinion after passing the order, or found that it was in con-
flict with the decision of this Court, it was its duty to correct
the error."

It follows, from this ruling, that if the present case had
come before the Court upon the report of the Master, stating
an account, and exceptions thereto, it would have been com-
petent, at that stage of the proceeding, to reconsider the inter-
locutory decree upon the original proofs, and set the same
aside. Of course, the power of the Court was the same when
the application for rehearing was made pending the account-
ing, and before the report of the Master. By reference to the
opinion filed upon the rehearing, it will be seen that I am
not satisfied, from the proof as originally submitted, that the
complainant had title to the mine in question, which she con-
veyed to Marshall. The interlocutory decree proceeds neces-
sarily upon the assumption that complainant was the owner of
the full undivided interest in fee, which she undertook to con-
vey. With this point unsettled, and with a strong inclination,
upon the proof as it stands, to hold adversely to the complain-
ant, it was manifestly my duty to set aside the interlocutory
decree, and leave the parties in the positions they severally
occupied at the commencement of the suit—at least, until the
complainant shall make a stronger case than that which now
appears. The Court cannot be expected to adhere to an inter-
locutory order setting aside the conveyance, and making other
provisions equivalent to the appointment of a receiver, after
its attention is called to facts appearing in the record, which,
to say the least, render the right of complainant to such a de-
cree extremely doubtful. It is said that the argument at Keo-
kuk in July last was upon the question, whether the respond-
ents should be allowed a rehearing, and not upon a rehearing.
I do not so understand it. The petition for rehearing was
granted almost as a matter of course, in so far as it was based
upon the record as it originally stood, and the case was set
down for re-argument at Keokuk at the time named. At that
hearing the whole case was elaborately re-argued, and I cer-
tainly should not have given it the time and attention I did

36

if I had understood that it was simply an application for leave to be reheard. Under the circumstances, if I were to take the view suggested by complainant's counsel, I should certainly not desire to hear the same argument over again, and, therefore, the rehearing would be a mere matter of form.

The motion to vacate the order setting aside the interlocutory decree, and allowing defendants to file further answers, must be overruled, and it is so ordered.